**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NANCY SALZMAN,**

                      **Plaintiff,**                **1:10-cv-1209**
                                                             **(GLS/RFT)**

                    v.

**CONTINENTAL AIRLINES, INC.,**

                      **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Nancy Salzman
*Pro Se*
3 Oregon Trail
Waterford, NY 12188

**FOR THE DEFENDANTS:**
McKeegan, Shearer Law Firm       **GEORGE P. McKEEGAN, ESQ.**
192 Lexington Avenue
Suite 701
New York, NY 10016

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Nancy Salzman commenced this against defendant Continental Airlines ("Continental") pursuant to New York law for breach of

contract, negligence, fraud, conversion, and "deprivation of rights." (*See* Compl., Dkt. No. 1.) Pending is Continental's motion to dismiss. (Dkt. No. 5.) For the reasons that follow, Continental's motion is granted.

## II. Background

### A.   FACTUAL HISTORY[1]

On November 23, 2003, plaintiff Nancy Salzman, a New York resident, boarded a flight, operated by defendant Continental Airlines, Inc., from Newark, NJ to Albany, NY. (*See* Compl. ¶¶ 1-4, 22, Dkt. No. 1.) As she attempted to board the flight, an airline representative informed Salzman that she could not bring her laptop computer onboard. (*Id.* ¶ 33.) The laptop, which contained "confidential and proprietary material on it," was "confiscated" by the representative. (*Id.* ¶¶ 4, 29.) Though she was not given any type of receipt for the laptop, Salzman was told the laptop would be transported on the flight and returned to her when she deplaned in Albany. (*Id.* ¶¶ 7-9.) When she arrived in Albany, Salzman attempted to reclaim her laptop but was unsuccessful. (*Id.* ¶ 10.)

In October 2006, Salzman sent Continental a letter explaining the

---

[1] The facts are drawn from Salzman's Complaint and presented in a light most favorable to her. (*See* Compl., Dkt. No. 1.)

2

situation and included an invoice for the time she spent attempting to remedy the harm.[2]  (*Id.* ¶ 11.)  Continental acknowledged receipt of the letter but never sent a response.  (*Id.* ¶ 13.)  Salzman sent two additional letters, one on December 22, 2006 and the other on March 15, 2007, each of which stated the facts and gave Continental "an opportunity to rebut" them.  (*Id.* ¶¶ 14-16.)  Continental finally responded in April 2007.  (*Id.* ¶ 17.)  Although it did not rebut the facts Salzman alleged, her demand for damages was denied.[3]  (*Id.*)

## B. PROCEDURAL HISTORY

Salzman commenced this action in New York State Supreme Court, Saratoga County, on August 19, 2010.  (*See* Dkt. No. 1.)  Thereafter, Continental timely removed this action to this court and filed an Answer.  (*See* Dkt. Nos. 1, 4.)  On January 24, 2011, Continental filed a motion to dismiss under Fed. R. Civ. P. 12(c).  (*See* Dkt. No. 5.)

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established

---

[2]  Before contacting Continental in October 2006, Salzman spent approximately "317hrs [*sic*] over a period of 12 months attempting to recreate the lost confidential and proprietary information on the laptop."  (*Id.* ¶ 11.)

[3]  Notably, Continental has neither returned the computer, nor stipulated that it does not have it.  (*Id.* ¶¶ 18-19.)

3

and will not be repeated here.[4]  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010)*; see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (stating motions under Fed. R. Civ. P. 12(c) are subject to the same standard as motions to dismiss under 12(b)(6)).

## IV. **Discussion**

Continental avers that Salzman's causes of action are barred by the applicable statute of limitations governing each of the claims.[5]  (*See* Dkt. No. 5, Attach. 6 at 5.)  Under New York law, the statute of limitations is generally "computed from the time the cause of action accrued to the time the claim is interposed."  N.Y. C.P.L.R. § 203(a) (McKinney 1997).  Although certain plaintiffs, relationships, and causes of action fall outside this general rule[6], Salzman's claims are subject to it.  Accordingly, the court

---

[4]  Because Salzman is proceeding *pro se*, the court will construe her Complaint liberally.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[5]  Notably, Salzman's response does not address Continental's claim that the statute of limitations has lapsed with respect to her claims for breach of contract, negligence, fraud, and "deprivation of rights."  (*See* Compl. ¶¶ 21-45, Dkt. No. 1.)

[6]  *See, e.g.,* N.Y. C.P.L.R. § 208 (tolling the statute of limitations for claims by infants); N.Y. C.P.L.R. § 214-a (providing a toll under the "continuous treatment theory"); N.Y. C.P.L.R. § 214-c (discussing actions where the statute of limitations begins to run upon discovery of the injury).

4

computes the statute of limitations from the appropriate accrual date until September 13, 2010, the date Salzman filed her Complaint. (*See* Dkt. No. 9 at 4.) In doing so, the court finds all of Salzman's claims are barred.

## A.    BREACH OF CONTRACT

Salzman's first cause of action for breach of contract is governed by section 213(2) of the New York Civil Practice Law and Rules, which provides a six year statute of limitations for actions arising out of a contractual relationship. N.Y. C.P.L.R. § 213(2) (McKinney 1997). Here, Salzman claims that a contractual relationship arose when she purchased her plane ticket, and was breached "when [Continental's] employee . . . improperly confiscated [her] property . . . ." (Compl. ¶¶ 22-24, Dkt. No. 1.) Thus, Salzman's cause of action for breach of contract accrued on November 23, 2003, the date of the alleged breach. (*Id.* ¶ 4.) Because more than six years had elapsed when she commenced this action, Salzman's breach of contract claim was untimely, and is therefore dismissed.

## B.    NEGLIGENCE

Salzman's claim for negligence, arising from Continental's "duty" to prevent the theft of her personal belongings, also accrued on November

5

23, 2003, the date Salzman alleges Continental breached its duty.  (*Id.* ¶¶ 28-29.)  Actions for negligence are governed by a three year statute of limitations, which begins to accrue on the date of the injury to the person or her property.  *See* N.Y. C.P.L.R. § 214(3) (McKinney 1997); *see, e.g., Snyder v. Town Insulation*, 81 N.Y.2d 429, 432-33 (1993).  Thus, Salzman's claim for negligence is also untimely as it was commenced more than three years after the cause of action accrued.

**C.   FRAUD**

Salzman's third cause of action for fraud, stemming from the misrepresentation of Continental's carry-on item policy, is also time barred.  (Compl. ¶¶ 33-35, Dkt. No. 1.)  An action for fraud must be commenced within either: (1) six years from the commission of the fraud, or (2) two years from the date the plaintiff discovered (or should have discovered) it.  *See* N.Y. C.P.L.R. § 213(8) (McKinney 1997).  Here, the alleged misrepresentation occurred on November 23, 2003 and Salzman became aware of it when she was unable to retrieve her laptop when she deplaned.[7]  (*Id.*)  Accordingly, the statute of limitations on Salzman's fraud

---

[7] Even if Salzman was unaware of the misrepresentation on the date of her flight, she undoubtedly discovered (or should have discovered) it when her attorney sent a demand letter to Continental on October 11, 2006.  (*See* Dkt. No. 5, Ex. D.)  Nonetheless, her cause of action for fraud—applying the date of discovery method—is barred by the statute of limitations.  *See*

claim lapsed on November 23, 2009, rendering her cause of action for fraud untimely.

### D. CONVERSION

Continental next avers that Salzman's cause of action for conversion is untimely. (*See* Dkt. No. 5, Attach. 6 at 8.) In her response, Salzman asserts she formed a bailor/bailee relationship with Continental, and that she did not "demand" the return of her laptop until she filed her Complaint. (*See* Dkt. No. 9 at 3-4.) The court disagrees.

Section 214(3) provides a three year statute of limitations for actions to recover damages for the taking of a chattel, *i.e.,* a conversion. N.Y. C.P.L.R. § 214(3). "A cause of action for conversion accrues when all of the facts necessary to sustain the cause have occurred, so that a party could obtain relief in court." *State v. Seventh Regiment Fund*, 98 N.Y.2d 249, 259 (2002) (internal quotations omitted). However, where possession of the chattel is originally lawful (e.g., a bailment), "a conversion does not occur until the [property owner] makes a demand for the return of the property and the person in possession . . . refuses to return it." *In re Rausman*, 50 A.D.3d 909, 910 (2d Dep't. 2008).

---

N.Y. C.P.L.R. § 213(8).

Here, Salzman's laptop was allegedly converted on November 23, 2003, the date of her flight. In describing the interaction with the Continental representative as she boarded the plane, Salzman states: "[A]n employee of the Defendant forcibly took, against [her] will, [her] personal property." (Compl. ¶ 38, Dkt. No. 1.) Based on Salzman's description of interaction, the court is unpersuaded that Salzman formed a bailor/bailee relationship with Continental.[8] (*See id.* ¶¶ 24, 29, 30, 38.) As such, Salzman's claim for conversion accrued on November 23, 2003—the date of the forcible taking; it was thus time barred when she commenced this action in September 2010.

## E. DEPRIVATION OF RIGHTS

In her fifth cause of action, Salzman alleges that Continental deprived of her "right to enter the plane with her personal property." (Compl. ¶ 41,

---

[8] Assuming *arguendo* that Salzman did not demand the return of her laptop on November 23, 2003, her attorney's letter of October 11, 2006, referenced in ¶ 11 of her Complaint, is unquestionably a demand. (*See* Compl. ¶ 11, Dkt. No. 1; Dkt. No. 5, Ex. D.) Thus, irrespective of which date the court uses to compute the statute of limitations, Salzman's claim for conversion is untimely.

Notably, Salzman, in her response, asserts that even if the court construes the October 11, 2006 letter as a demand, her action is timely under the six year statute of limitations for bailments. The court disagrees. Salzman's citation to *Pine Hill Concrete Mix Corp. v. Alto Corp.*, 25 A.D.2d 608, 609 (4th Dep't. 1966), for the proposition that bailment claims are entitled to a six year statute of limitations, is incorrect. As the Appellate Division stated in its opinion, that action was commenced prior to the effective date of the CPLR. *Id.* Under the CPLR, an action by a bailor for replevin, damages or conversion is subject to a three year statute of limitations. *See* N.Y. C.P.L.R. § 214(3).

8

Dkt. No. 1.)  Continental asserts that "deprivation of rights" is not a recognized cause of action under New York State law.  The court agrees.  Accordingly, Salzman's fifth cause of action for deprivation of rights is dismissed for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

**F.      ESTOPPEL DURING SETTLEMENT NEGOTIATIONS**

Salzman avers that Continental should be estopped from asserting a statute of limitations defense during the time period she was "engaged in settlement discussions with [them]."  (Dkt. No. 10 at 5-6.)   Although Continental denies any such discussions, the court liberally construes Salzman's letters of October 11, 2006, December 22, 2006, and March 15, 2007 as attempts to avoid litigating this matter.  (*See* Dkt. No. 10 at 5-6; Compl. ¶¶ 11-16, Dkt. No. 1.)  Notwithstanding the leeway granted to Salzman as a *pro se* plaintiff, the court is unable to find any recognized toll for "settlement negotiations."  *C.f.* N.Y. C.P.L.R. § 204 (discussing tolls for a statutory or court-ordered stay of commencement and arbitration).

As such, Continental is not estopped from bringing its motion under Fed. R. Civ. P. 12(c), and its motion is granted with respect to all of Salzman's claims against it.

9

## V. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Continental's motion to dismiss (Dkt. No. 5) is **GRANTED** and Continental is **DISMISSED** from the case; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

September 29, 2011
Albany, New York

*Gary L. Sharpe*
U.S. District Judge